UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MELISSA A. PERRY,                     )
                                      )
          Petitioner,                 )
                                      )
     v.                               )    No. 4:07-CV-2061-FRB
                                      )
STATE OF MISSOURI,                    )
                                      )
          Respondent.                 )


**ORDER AND MEMORANDUM**

This matter is before the Court upon petitioner Melissa A. Perry's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

**The petition**

Petitioner, an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges her August 1, 2005 conviction for drug-related offenses imposed by the Circuit Court of St. Charles County, Missouri. Petitioner did not file a

direct appeal or file any other petitions or motions concerning this judgment. In the instant action, petitioner asserts claims of ineffective assistance of counsel, lack of sufficient evidence, and a disproportionate sentence.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. The instant application for federal habeas corpus relief was not filed until December 14, 2007, well after the running of the one-year limitations period.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this 6th day of February, 2008.

        **/s/ Jean c. Hamilton**
        **UNITED STATES DISTRICT JUDGE**